IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIKE and LEDA McREYNOLDS, Husband and Wife,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CV-15-97-GF-JTJ<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUM MARY JUDGMENT** |

## I. Synopsis

Defendant United States of America ("USA") filed a motion for summary judgment arguing it is entitled to judgment as a matter of law because Plaintiffs Mike and Leda McReynolds ("McReynolds") failed to file their claim within the statute of limitations and they lack standing to bring the claim because they did not own the mining claims when the alleged injury occurred. The Court agrees that the undisputed facts establish that the McReynolds lack standing to bring their claim. Consequently, the Court grants the USA's motion for summary judgment. The USA's motion for summary judgment based upon the statute of limitations is thereby rendered moot and will not be ruled upon.

## II. Factual and Procedural Background

In June 2012, the Bureau of Land Management (BLM) contracted to conduct conifer treatments on approximately 2,020 acres of land within the North Moccasin and Judith Mountains. Prior to beginning the treatments, BLM contacted adjacent landowners and offered to perform identical treatments on their private property. At this time, C. John Montgomery owned patented lode mining claims in the

-1-

adjacent area. When the BLM contacted him about the treatments, Mr. Montgomery agreed and entered into a written contract with BLM that authorized "vegetative treatments" on his property. BLM's contractor completed the vegetative treatments on Mr. Montgomery's property in early June 2012.

On February 27, 2013, the McReynolds and Mr. Montgomery entered into a contract for deed whereby the McReynolds would purchase the mining claims from Mr. Montgomery over time with Mr. Montgomery retaining a life estate. Mr. Montgomery passed away on May 23, 2013. The personal representative for Mr. Montgomery's estate conveyed ownership of the mining claims to the McReynolds via a quit-claim deed on November 1, 2014.

On November 7, 2014, the McReynolds filed an administrative claim alleging that BLM's contractors wrongfully killed pine trees on the mining claims. On May 14, 2015, the USA denied the McReynolds's administrative claim.

On November 11, 2015, the McReynolds filed a complaint in which they allege that "[D]uring the year 2012, the Montana Bureau of Land Management, without authority, wrongfully and intentionally destroyed over 100 pine trees on Plaintiffs' property." (Doc. 1 at 2.) The McReynolds's complaint seeks compensation for the value of the trees destroyed as well as fees and costs. (*Id*. at 3.)

On July 20, 2016, the USA filed a motion for summary judgment arguing the McReynolds failed to file their clam within the applicable two year statute of limitations and that the McReynolds lack standing to bring their claim because they did not own the mining claims when the trees in question were destroyed. The Court conducted a hearing on the USA's motion on September 27, 2016. The parties submitted supplemental briefs after the hearing. The motion is ripe for decision.

## III. Analysis

### A. Summary judgment

The Court shall grant summary judgment only if the movant shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party moving for summary judgment has the initial burden of showing there is no genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012).

If the moving party makes a prima facie showing that summary judgment is appropriate, the burden shifts to the opposing party to show the existence of a genuine issue of material fact. *Id*. On summary judgment, all inferences should be drawn in the light most favorable to the party opposing summary judgment. *Id*. at 159.

### B. Undisputed facts

The USA filed a statement of undisputed facts in support of its motion. (Doc. 18.) The USA's SUF references Matthew Comer's declaration that it also filed. (Doc. 20.) The McReynolds did not file a statement of disputed facts but rather filed a joint declaration. (Doc. 21.) In support of their supplemental brief filed after the hearing, the McReynolds filed an additional declaration. (Doc. 26.)

Regardless of whether McReynolds should have filed a statement of disputed facts, comparing the USA's SUF with the McReynolds's declarations reveals that the following facts are undisputed: (1) the BLM's subcontractor severed and/or girdled the trees in question in June 2012; (2) in June 2012, Mr. Montgomery owned the mining claims upon which the trees were located; (3) the McReynolds did not have

any ownership interest in the mining claims upon which the trees were located until February 27, 2013, at the earliest, when they entered into a contract for deed for the purchase of these mining claims with Mr. Montgomery; (4) the McReynolds did not obtain a written assignment from Mr. Montgomery and/or his estate to any damage claim he and/or his estate may have had against the BLM arising out of the June 2012 severing/girdling of the trees.

### C. Standing

Generally, a party lacks standing to bring an action to recover for damages to property when they did not own the property when the damage occurred. *Lewis v. Puget Sound Power & Light Co.*, 29 P.3d 1028, 1031 (Mont. 2001). But, in Montana, a person may assign a property damage claim to another. *Id.* Therefore, in order to defeat the USA's motion for summary judgment the McReynolds need to establish a question of fact as to whether they had an ownership interest in the property in June 2012 when the trees were severed/girdled or, if they did not, that the person who did have an ownership interest in the mining claims legally assigned his property damage claim to them.

Here, it is undisputed that the owner of the mining claims in June 2012 was Mr. Montgomery and not the McReynolds. It is also undisputed that there is no written assignment from Mr. Montgomery or his estate to the McReynolds of any property damage claim against the BLM arising out of the June 2012 severing/girdling of the trees. As such, the USA is entitled to summary judgment because the McReynolds lack standing to bring a claim for the June 2012 damage to the trees.

The McReynolds's declaration in support of their supplemental brief states that discussions between them and Mr. Montgomery establish that Mr. Montgomery wanted to sue the BLM for the damage to the trees and that they and Mr. Montgomery intended the February 27, 2013 contract for deed to give all of them the right to sue the BLM. The issue is whether these discussions and/or the contract for deed satisfy

-4-

the statute of frauds.

Under Montana law an assignment of a property claim is subject to the statute of frauds. *Lewis*, 29 P.3d at 1031 (citing Mont. Code Ann. § 1-1-205(1)). Mont. Code Ann. § 30-2-201(1), the statute of frauds in effect during the relevant time period, provides that the transfer of any "goods" worth more than $500 "is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought..." "Goods" as used in Mont. Code Ann. § 30-2-201(1) includes "things in action." Mont. Code Ann. § 30-2-105(1).

The discussions between the McReynolds and Mr. Montgomery fail to satisfy the statute of frauds. The contract for deed likewise fails because it makes no mention of the trees being damaged in June 2012, makes no mention of any potential claim against the BLM or anyone else, and makes no mention of any assignment of any property damage claims.

Because there are no facts in the record creating a genuine question of material fact about whether there was an assignment from Mr. Montgomery to the McReynolds complying with the statute of frauds, the USA's motion for summary must be granted.

The McReynolds also argue that they are entitled to maintain an action for the damages they suffered as a result of the trees being severed/girdled in June 2012 after they became owners of the property. However, this argument misses the mark because the only alleged tortious activity the BLM engaged in was in June 2012–a full eight months prior to when the McReynolds obtained any ownership interest in the mining claims.

## IV. Conclusion

For the reasons stated above, the USA's motion for summary judgment is **GRANTED**; and the status conference in this case scheduled for November 9, 2016, at 11:00 a.m. is **VACATED**.

DATED this 8th day of November 2016.

/s/ John Johnston
John Johnston
United States Magistrate Judge